1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SINGER CASHMAN LLP
  Adam S. Cashman (Bar No. 255063)
  acashman@singercashman.com
  Doug Tilley (Bar No. 265997)
  dtilley@singercashman.com
601 Montgomery Street, Suite 1950
San Francisco, California  94111
Telephone:     (415) 500-6080
Facsimile:     (415) 500-6080

*Attorneys for Eventbrite, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISON

| | |
|---|---|
| EVENTBRITE, INC., a Delaware corporation, | CASE NO. 3:20-CV-4040 |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| M.R.G. CONCERTS LTD., a Canadian corporation, and MATTHEW GIBBONS, an individual, | |
| Defendants. | |

By and for its Complaint against Defendants M.R.G. Concerts Ltd. ("MRG") and Matthew Gibbons ("Mr. Gibbons" and, together with MRG, "Defendants"), Plaintiff Eventbrite, Inc. ("Eventbrite"), through its undersigned attorneys of record, hereby alleges as follows:

### PARTIES

1.      Eventbrite is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 155 Fifth Street, San Francisco, California 94103. Eventbrite is a global leader in the field of event promotion, ticketing, and associated technology, powering live experiences in 170 countries around the world.  Its technology platform integrates components needed to seamlessly plan, promote, and produce live events while reducing friction and costs, increasing reach, and driving ticket sales.

2.      Upon information and belief, MRG is a corporation organized and existing under the laws of Canada with its principal place of business in Vancouver, Canada.

3.      Upon information and belief, Mr. Gibbons is an individual residing in Vancouver, Canada.

### JURISDICTION

4.      This Court has personal jurisdiction over Eventbrite because Eventbrite has its principal place of business in San Francisco, California.

5.      This Court has personal jurisdiction over MRG and Mr. Gibbons because they regularly transact business within the State of California, including by, upon information and belief, soliciting business from, rendering services to, and deriving revenues from persons and business organizations residing in the State of California and otherwise availing itself of residents, consumers, clients, and business opportunities throughout California.

6.      Moreover, this action arises from a contract executed by Eventbrite, MRG, and Mr. Gibbons (together, the "Parties"), which requires that all disputes "arising out of or relating to the Agreement or the relationship between the Parties will be brought and litigated exclusively in the federal or state courts of San Francisco, California," and provides that "each Party consents to personal jurisdiction in those courts."

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between all plaintiffs and all defendants, and the amount at issue exceeds $75,000.

## VENUE

8.     Venue is proper in the Northern District of California because the Parties' contract at issue in this case provides for "exclusive[]" venue in San Francisco, California; because the contract was executed in San Francisco, California; because Eventbrite is located in San Francisco, California; because a significant number of percipient witnesses and evidence are located in San Francisco, California; and because a significant portion of the relevant events underlying this action took place in San Francisco, California.

## INTRADISTRICT ASSIGNMENT

9.     Under Northern District of California Local Rule 3-2(d), this case is properly assigned to the San Francisco Division because it arose in San Francisco, California, and because the Contract provides for "exclusive[]" venue in San Francisco, California.

## FACTUAL ALLEGATIONS

10.     Eventbrite, MRG, and Mr. Gibbons (both on behalf of MRG and in his personal capacity as "unconditional[] and irrevocabl[e]" "Guarantor" of each of MRG's "present and future obligations, liabilities, and agreements") executed the December 5, 2019 Eventbrite Services Agreement ("ESA") and the January 13, 2020 Amendment # 1 to the ESA (together with the ESA, the "Contract").  The Contract expressly incorporates Eventbrite's Standard Terms and Conditions and Eventbrite's Terms of Service, which include Eventbrite's Merchant Agreement.  The Parties agreed that that these documents would together form a fully-integrated agreement governing the Parties' commercial relationship.[1]

11.     The Contract provides the terms under which Eventbrite will provide digital solutions through which members of the public can access and purchase tickets to events organized by MRG.

---

[1]     Because the Contract provides that its terms are confidential, Eventbrite has not appended it to this pleading.  Eventbrite will submit the full Contract for the Court's consideration following entry of a suitable protective order prohibiting unnecessary public disclosure of the Contract or its terms.

1    Eventbrite also provided compatible hardware, such as scanners and printers, so that MRG's

2    personnel could securely screen and admit ticketholders to events.

3         12.    The Contract provides that MRG will use Eventbrite as the exclusive provider of all

4    goods and services within the scope of the Contract through the end of the Contract's term.  The

5    Contract also expressly recognizes that Eventbrite's agreement to provide certain substantial benefits

6    to Defendants under the Contract was given in reliance on Defendants' promises of exclusivity.

7         13.    The Contract further provides that Eventbrite may provide MRG with certain advance

8    funds (described in more detail below), but that Eventbrite is not obligated to do so.  In particular,

9    Eventbrite may withhold funds if it determines—in its sole discretion and without notice to MRG—

10   that such withholding is necessary based on any one of a number of factors.  These factors include:

11   the level or expected level of refunds for MRG events, changes in MRG's credit profile, changes in

12   the risk profile of MRG's events, or as necessary (in Eventbrite's sole discretion) to secure MRG's

13   performance under the Contract.

14        14.    With the onset of the COVID-19 pandemic, the Canadian Government indefinitely

15   prohibited MRG (and many other businesses) from hosting its events (large, in-person gatherings).

16   MRG was accordingly forced to cancel, postpone, or reschedule dozens of its events, resulting in

17   millions of dollars in potential liabilities to its ticket purchasers. MRG's expected level of refunds

18   skyrocketed, its credit profile plummeted, and the risk profile for its events became so extreme as to

19   cast substantial doubt on its ability to perform under the Contract at all.  Indeed, despite that

20   Eventbrite had already provided MRG with millions of dollars in advance payments subject to the

21   terms of the Contract, MRG was requesting additional advances to fund its ongoing business

22   operations, without reference to any particular event MRG listed with or otherwise promoted via

23   Eventbrite.

24        15.    Given the uncertainty and increased business risk created by the pandemic, and

25   pursuant to its express right under the Contract, Eventbrite declined to make additional advance

26   payments to MRG.

27

28

1    16.    The Contract provides that MRG is not permitted to terminate the contract prior to

2    December 5, 2021.  Even then, such termination is permissible *only* if MRG repays certain advance

3    payments and other sums to Eventbrite as set forth in the Contract (the "Termination Payment").

4    17.    Notwithstanding the plain text of the Contract it negotiated and executed (performance

5    of which was personally guaranteed by Mr. Gibbons), MRG repudiated the agreement by informing

6    Eventbrite that it was terminating the Contract in a letter dated April 21, 2020.  In so doing,

7    Defendants have materially breached the Contract, requiring immediate payment of the Termination

8    Payment and other amounts pursuant to the Contract's terms.

9    18.    Despite repeated demands, Defendants have refused to make the required Termination

10   Payment.

11   19.    Upon information and belief, MRG has also breached the Contract by using other

12   vendors for the goods and services that were exclusively reserved to Eventbrite under the Contract.

13   20.    The Contract further provides that MRG is obligated to sell a minimum number of

14   qualified tickets through Eventbrite during the term of the Contract.

15   21.    Should MRG fail to sell this minimum number of qualified tickets, the Contract

16   provides that Defendants will pay Eventbrite the amount of money that Eventbrite would have

17   received if MRG had met its minimum requirement ("True-Up Payment").

18   22.    Prior to its termination of the Contract, MRG failed to sell the minimum number of

19   qualified tickets as required by the Contract.

20   23.    Despite repeated demands, Defendants have refused to make the True-Up Payment to

21   Eventbrite.

22   24.    The Contract also requires MRG to make certain payments to Eventbrite for various

23   ticketing and registration services (the "Service Fees").

24   25.    Upon information and belief, MRG has failed to pay the full amount of Service Fees it

25   owes Eventbrite.

26   26.    In the event that MRG fully or partially cancels an event, MRG is obligated to either

27   issue refunds to consumers directly or to remit the full refund amounts to Eventbrite so that

28   Eventbrite can process those refunds ("Refund Payments").

27.     MRG has fully or partially cancelled dozens of events.

28.     In breach of its obligations under the Contract, MRG has failed to make Refund Payments to either consumers directly or to Eventbrite.

29.     Mr. Gibbons is the "Guarantor" of all of MRG's obligations and liabilities under the Contract.  Specifically, Mr. Gibbons "unconditionally and irrevocably guarantee[d] (on a continuing basis as primary obligor) the timely performance of all present and future obligations, liabilities and agreements required to be performed or paid by [MRG] under this Agreement, and agree[d] to pay all reasonable costs, fees and expenses incurred by the Eventbrite relating to the enforcement of Eventbrite's rights hereunder[.]"

30.     The Contract provides that in the event of a dispute, the prevailing party is entitled to recover all reasonable attorney fees and costs associated therewith.

31.     The Contract also provides that a breach by MRG of its exclusivity obligations may result in irreparable and continuing damage to Eventbrite for which there is no remedy at law, and that upon such breach Eventbrite is entitled to seek appropriate equitable relief without the requirement of posting a bond and in addition to any other remedies it may have.

### FIRST CAUSE OF ACTION
**Breach of Contract**
**Cal. Common Law, Cal. Civ. Code § 3300**
(Against All Defendants)

32.     Eventbrite realleges and incorporates by reference the allegations contained in Paragraphs 1 through 31.

33.     As described above, Eventbrite, MRG, and Mr. Gibbons entered into the Contract.

34.     Eventbrite fully performed its obligations under the Contract.

35.     MRG breached its obligations under the Contract by, among other things, failing to use Eventbrite as the exclusive provider of the goods and services contemplated by the Contract, improperly terminating the Contract, failing to make the Termination Payment to Eventbrite, failing to pay the Prior Balance to Eventbrite, failing to make the True-Up Payment, failing to return the Sponsorship Funds to Eventbrite, failing to pay the Service Fees to Eventbrite, and failing to make Refund Payments to either consumers directly or to Eventbrite.

36.     As a result of MRG's breaches of contract, the Eventbrite has suffered millions of dollars in damages.

37.     Mr. Gibbons, as "unconditional[] and irrevocabl[e]" "Guarantor" of MRG's obligations under the Contract, is jointly and severally liable for MRG's contractual breaches.

38.     Under the Contract, Defendants are also jointly and severally liable for paying Eventbrite's attorney fees and costs incurred in connection with its pursuit of payments it is owed by Defendants.

**SECOND CAUSE OF ACTION**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**Cal. Common Law**
(Pleaded in the Alternative)
(Against All Defendants)

39.     Eventbrite realleges and incorporates by reference the allegations contained in Paragraphs 1 through 38.

40.     California law implies in every contract a covenant of good faith and fair dealing.

41.     As described above, Eventbrite, MRG, and Mr. Gibbons entered into the Contract.

42.     Eventbrite fully performed its obligations under the Contract.

43.     Defendants unfairly interfered with Eventbrite's right to receive the benefits of the contract by, among other things, failing to use Eventbrite as the exclusive provider of the goods and services contemplated by the Contract, improperly terminating the Contract, failing to make the Termination Payment to Eventbrite, failing to pay the Prior Balance to Eventbrite, failing to make the True-Up Payment, failing to return the Sponsorship Funds to Eventbrite, failing to pay the Service Fees to Eventbrite, and failing to make Refund Payments to either consumers directly or to Eventbrite.

44.     Defendants' conduct violates the Contract's implied covenant of good faith and fair dealing.

45.     Eventbrite was harmed by Defendants' breach of the implied covenant of good faith and fair dealing.

46.     Mr. Gibbons, as "unconditional[] and irrevocabl[e]" "Guarantor" of MRG's obligations under the Contract, is jointly and severally liable for MRG's contractual breaches.

47.     Under the Contract, Defendants are also jointly and severally liable for repaying Eventbrite's reasonable attorney fees incurred in this action.

**THIRD CAUSE OF ACTION**
**Common Count: Money Had and Received**
**Cal. Common Law**
(Against All Defendants)

48.     Eventbrite realleges and incorporates by reference the allegations contained in Paragraphs 1 through 47.

49.     MRG owes Eventbrite money.

50.     Under the Contract, MRG received significant sums of money to be used for certain purposes related to the subjects of the Contract.

51.     MRG has breached its contract with Eventbrite and failed to use those funds for the intended purposes.

52.     MRG is obligated to return the advanced funds to Eventbrite.

53.     MRG has refused to remit those funds to Eventbrite.

54.     Mr. Gibbons, as guarantor for MRG under the Contract, is jointly and severally liable for MRG's breaches of its contractual obligations.

55.     Under the Contract, Defendants are also jointly and severally liable for repaying Eventbrite's reasonable attorney fees incurred in this action.

**FOURTH CAUSE OF ACTION**
**Common Count: Goods and Services Rendered**
**Cal. Common Law**
(Against All Defendants)

56.     Eventbrite realleges and incorporates by reference the allegations contained in Paragraphs 1 through 55.

57.     Eventbrite provided goods and services to MRG at MRG's request.  MRG agreed to pay Eventbrite according to the terms of the Contract.



58. Eventbrite rendered those goods and services as requested until MRG's breach of the Contract.

59. MRG has not paid Eventbrite for those goods and services.

60. Mr. Gibbons, as guarantor for MRG under the Contract, is jointly and severally liable for MRG's breaches of its contractual obligations.

61. Under the Contract, Defendants are also jointly and severally liable for repaying Eventbrite's reasonable attorney fees incurred in this action.

**FIFTH CAUSE OF ACTION**
**Declaratory Judgment**
**Cal. Code Civ. Proc. § 1060**
(Against All Defendants)

62. Eventbrite realleges and incorporates by reference the allegations contained in Paragraphs 1 through 61.

63. An actual controversy exists relating to the legal rights of the parties under the Contracts.

64. Defendants have asserted, among other things, that MRG has no liability to Eventbrite and that Eventbrite is obligated to provide MRG with a significant amount of money under the Contract.

65. Defendants' assertions are incorrect.

66. Eventbrite is entitled to a judgment declaring that Defendants have breached the Contract, that Defendants are liable to Eventbrite for their conduct, and that Eventbrite has no further obligations or liability to Defendants under the Contract or for any other reason.

**SIXTH CAUSE OF ACTION**
**Unfair Competition**
**Cal. Bus. & Prof. Code § 17200** *et seq.*
(Against All Defendants)

67. Eventbrite realleges and incorporates by reference the allegations contained in Paragraphs 1 through 66.

68.     The conduct of Defendants, as alleged herein, constitutes an unlawful, unfair, and fraudulent business act or practice in violation of California Business and Professions Code Sections 17200 *et seq.*

69.     Upon information and belief, as a result of the conduct alleged herein, Defendants have been unjustly enriched.

70.     Eventbrite is entitled to restitution of any monies obtained by Defendants as a result of their unlawful, unfair, and fraudulent business acts and practices.

71.     Mr. Gibbons, as guarantor for MRG under the Contract, is jointly and severally liable for MRG's breaches of contract.

72.     Under the Contract, Defendants are also jointly and severally liable for repaying Eventbrite's reasonable attorney fees incurred in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Eventbrite prays as follows:

A.      That judgment be entered for Eventbrite and against MRG and Mr. Gibbons on each of Eventbrite's causes of action;

B.      That a constructive trust be imposed with respect to the Refund Payments for the benefit of the consumers, and that the Court order those funds to be returned to consumers or remitted to Eventbrite so that Eventbrite may issue such refunds directly;

C.      For a judgment declaring that Defendants have breached the Contract, that Defendants are liable to Eventbrite for their conduct as described herein, and that Eventbrite has no further obligations or liability under the Contract.

D.      For an award of damages, together with pre- and post-judgment interest and costs, in an amount according to proof;

E.      For restitution for Defendant's unfair, unlawful, and fraudulent business practices;

F.      For an award of attorney fees and costs; and

G.      For such other costs and further relief as the Court may deem just and proper.

1

## **DEMAND FOR JURY TRIAL**

2       Eventbrite hereby demands a trial by jury as to all issues so triable in this action.

3

4   Date:  June 18, 2020           Respectfully submitted,

5                         SINGER CASHMAN LLP

6

7                         By: _____

8                           Adam S. Cashman
                            Doug Tilley
                            *Attorneys for Eventbrite, Inc.*