DAVIS WRIGHT TREMAINE LLP
  James H. Moon (CA SBN 268215)
  *jamesmoon@dwt.com*
  Monder Khoury (CA SBN 312949)
  *mikekhoury@dwt.com*
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:     (415) 276-6500
Facsimile:     (415) 276-6599

*Attorneys for Defendant and Cross-Plaintiff
MRG Concerts Ltd. and Defendant Matthew Gibbons*

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| EVENTBRITE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>M.R.G. CONCERTS LTD., a Canadian corporation, and MATTHEW GIBBONS, an individual,<br><br>Defendants. | Case No.  3:20-cv-04040-SI<br>Hon. Susan Illston<br><br>**DEFENDANTS MRG CONCERTS LTD. AND MATTHEW GIBBONS' ANSWER TO COMPLAINT AND DEFENDANT MRG CONCERTS LTD.'S COUNTERCLAIMS**<br><br>Complaint Filed:  June 18, 2020 |

Defendants MRG Concerts Ltd. and Matthew Gibbons ("Defendants"), in response to the Complaint ("Complaint") filed by Plaintiff Eventbrite, Inc. ("Plaintiff" or "Eventbrite"), admit, deny, and allege as follows:

**PARTIES**

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, about Eventbrite's corporate status, principal place of business, position as a global leader in its industry, and its technology platform, and therefore deny them.

2. Defendants admit that MRG Concert Ltd. ("MRG") is a corporation organized and existing under the laws of Canada with its principal place of business in Vancouver, Canada.

3. Defendants admit that Matthew Gibbons ("Gibbons") is an individual, but deny that he resides in Vancouver, Canada.

**JURISDICTION**

4. The allegations in this Paragraph call for a legal conclusion. Defendants lack knowledge or information sufficient to form a belief about Eventbrite's principal place of business and therefore deny the allegations in Paragraph 4.

5. The allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny Paragraph 5.

6. Defendants admit the allegations in Paragraph 6.

7. The allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny the allegations in Paragraph 7.

**VENUE**

8. Defendants admit that one of the parties' agreements provides for "exclusive[ ]" venue in San Francisco and that Eventbrite operates in San Francisco, California. Defendants deny the remaining allegations in Paragraph 8.

**INTRADISTRICT ASSIGNMENT**

9. The allegations in this Paragraph call for a legal conclusion. Defendants admit that a contract at issue in this action provides for "exclusive[]" venue in San Francisco, California. Unless otherwise admitted, Defendants deny the allegations in Paragraph 9.

**FACTUAL ALLEGATIONS**

10. Defendants admit that Eventbrite, MRG, and Gibbons entered into an agreement on December 5, 2019, and an amendment to the agreement on or about January 13. 2020. Unless otherwise admitted, Defendants deny the allegations in Paragraph 10.

11. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that the contract states that "Eventbrite will lease [MRG] reasonable quantities . . . of [ ] equipment" listed in the contract. Defendants deny the remaining allegations in Paragraph 11.

12. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that Eventbrite was to provide MRG with certain advance funds under the Contract. Unless otherwise admitted, Defendants deny the allegations in Paragraph 13.

14. Defendants deny that "the Canadian Government indefinitely prohibited MRG . . . from hosting its events[.]" Defendants admit that MRG requested a fund advance from Plaintiff. Unless otherwise admitted, Defendants deny the allegations in Paragraph 14.

15. Defendants admit that Plaintiff declined to make advance payments to MRG. Unless otherwise admitted, Defendants deny the allegations in Paragraph 15.

16. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that the Services Agreement defines "End Date" as "the later of December 31, 2023 and Eventbrite's receipt of payment in full of all amounts become due from [MRG] hereunder[.]" Defendants deny the remaining allegations in Paragraph 16.

17. This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that MRG terminated the Services Agreement by letter dated April 21, 2020.  Unless otherwise admitted, Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 19.

20. This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that the Service Agreement states MRG "agrees to sell 1,600,000 total Qualified Tickets . . . during the Initial Term[.]"  Unless otherwise admitted, Defendants deny the allegations in Paragraph 20.

21. This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22. This Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit only that MRG did not sell 1.6 million tickets between December 5, 2019 and April 21, 2020.

23. Defendants deny the allegations in Paragraph 23.

24. This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that the Services Agreement states, "The fees stated below ('Service Fees') will apply to all paid tickets and registrations sold on the Eventbrite System[.]"  Unless otherwise admitted, Defendants deny the allegations in Paragraph 24.

25. This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 25.

26. This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27. This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 27.

ANSWER TO COMPLAINT AND COUNTERCLAIMS

28. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that the contract states "Guarantor unconditionally and irrevocably guarantees (on a continuing basis as primary obligor) the timely performance of all present and future obligations, liabilities and agreements required to be performed or paid by Organizer under this Agreement, and agrees to pay all reasonable costs, fees and expenses incurred by Eventbrite relating to the enforcement of Eventbrite's rights hereunder[.]" Unless otherwise admitted, Defendants deny the allegations in Paragraph 29.

30. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that the contract states that "the prevailing Party for any such action will be entitled to its reasonable attorneys' fees and costs incurred in the action from the other Party." Unless otherwise admitted, Defendants deny the allegations in Paragraph 30.

31. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that the Contract states that "[a] breach by Organizer of any exclusivity or confidentiality obligations under the Agreement may result in irreparable and continuing damage to Eventbrite for which there may be no adequate remedy at law. Upon any such breach or any threat thereof, Eventbrite will be entitled to seek appropriate equitable relief, without the requirement of posting a bond, and in addition to whatever remedies it might have at law." Unless otherwise admitted, Defendants deny the allegations in Paragraph 31.

## **FIRST CAUSE OF ACTION**

**Breach of Contract**

**Cal. Common Law, Cal. Civ. Code § 3300**

32. In response to Paragraph 32, Defendants incorporate by reference their responses to Paragraph 1 through 31.

33. Defendants admit that Eventbrite, MRG, and Mr. Gibbons entered into a contract. Unless otherwise admitted, Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

## SECOND CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

### Cal. Common Law

39. In response to Paragraph 39, Defendants incorporate by reference their responses to Paragraph 1 through 38.

40. This Paragraph contains legal conclusions to which no response is required.

41. Defendants admit that Eventbrite, MRG, and Mr. Gibbons entered into a contract. Unless otherwise admitted, Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

## THIRD CAUSE OF ACTION

### Common Count:  Money Had and Received

### Cal. Common Law

48. In response to Paragraph 48, Defendants incorporate by reference their responses to Paragraphs 1 through 47.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants admit that MRG received sums of money under the contract.  Unless otherwise admitted, Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

## FOURTH CAUSE OF ACTION

**Common Count:  Goods and Services Rendered**

**Cal. Common Law**

56. In response to Paragraph 56, Defendants incorporate by reference their responses to Paragraph 1 through 55.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

## FIFTH CAUSE OF ACTION

**Declaratory Relief**

**Cal. Code Civ. Proc. § 1060**

62. In response to Paragraph 62, Defendants incorporate by reference their responses to Paragraphs 1 through 61.

63. This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the allegation in Paragraph 63.

64. Defendants admit the allegation in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

# SIXTH CAUSE OF ACTION

## Unfair Competition

### Cal. Bus. & Prof. Code § 17200 *et seq.*

67. In response to Paragraph 67, Defendants incorporate by reference their responses to Paragraphs 1 through 66.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

## PRAYER FOR RELIEF

The remainder of the Complaint is a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief sought. Defendants request that this Court enter an order dismissing Plaintiff's claims with prejudice and awarding costs of suit, including attorneys' fees, to Defendants.

## SEPARATE AND ADDITIONAL DEFENSES

By way of separate, additional and/or affirmative defenses to the Complaint and each cause of action herein, and without conceding that Defendants bear the burden of proof or the burden of persuasion as to any of these issues, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred because the contracts allegedly breached, including the Merchant Agreement, are procedurally and substantively unconscionable and/or against public policy.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff failed to comply with the terms of the contract and may not recover damages or obtain a favorable judgment because of its own unlawful conduct and breach.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of impossibility, impracticality, and frustration of purpose.

**FIFTH AFFIRMATIVE DEFENSE**

5. Defendants were ready, willing, and able to perform under the terms of the agreement at issue, but Plaintiff has prevented and frustrated such performance.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims are barred by waiver and estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff excused Defendants' performance by acts and omissions.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims are barred by the equitable doctrines of unclean hands and in pari delicto.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims are barred, in whole or in part, by the failure to exercise reasonable care to mitigate its alleged damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims are barred by the failure of conditions precedents to occur, thereby excusing Defendants' performance.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Without conceding that any act of Defendants caused damage to Plaintiff, Defendants allege that they are entitled to offset and/or recoup against any judgment that may be entered against Defendants for the obligations of the Plaintiff owing to the Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims are barred, in whole or in part, because any damages allegedly suffered by Plaintiff were the result, in whole or in part, of Plaintiff's own contributory and/or willful misconduct, and any recovery by it should be reduced in proportion to its fault.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was reasonable, justified, and in good faith.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims are barred, in whole or in part, by Defendants' mistake of material fact.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Defendants substantially complied with the contract and, as a result, awarding the judgment sought by Plaintiff would be unjust and unfair.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether any additional affirmative defenses are available. Accordingly, Defendants expressly reserve the right to amend their answer and to add affirmative or other defenses or to delete or withdraw such defenses during the course of this litigation after a reasonable opportunity for discovery.

# COUNTERCLAIMS

Defendant and Counter-Plaintiff MRG Concert Ltd. ("MRG" or "Counter-Plaintiff") hereby alleges its counterclaims against Plaintiff and Counter-Defendant Eventbrite, Inc. ("Eventbrite") as follows:

## NATURE OF THE ACTION

1. MRG brings these counterclaims to seek redress for Eventbrite's unjustified breach of its legal obligations to MRG. In particular, pursuant to the parties' contract, Eventbrite agreed pay MRG substantial sponsorship fees and to make certain advance funds available to MRG in connection with its events on Eventbrite's ticketing and marketing platform. Eventbrite refused to meet its obligations without any justifiable basis starting in March 2020 based on its own precarious financial condition.

2. Eventbrite attempted to excuse its denial of the advance request based on the COVID-19 pandemic's purported effects on MRG. The reality is that Eventbrite has been affected by the pandemic to a far greater degree than MRG and was not in a position to advance funds to MRG as required under the contract due to the COVID-19 pandemic's devastating effects on Eventbrite's business. In the past six months, Eventbrite has withdrawn its business outlook for the first quarter and the full year of 2020, seen its stock price plummet more than 50%, and laid off 45% of its workforce in a desperate attempt to save on its expenses.

3. Many of Eventbrite's largest merchants produce and market shows and events in areas most severely affected by the COVID-19 pandemic, including the United States and California, where cases and deaths continue to mount without substantial abatement. Eventbrite is facing a grim financial reality with the likely prospect of having little revenue for the summer months and, potentially, the rest of the year and beyond.

4. In contrast, MRG remained operational, healthy, and funded despite COVID-19. Most of MRG's shows, scheduled for Canadian venues, remain scheduled and were merely postponed. Canada took swift action to address the pandemic, and its policy response has been effective. Indeed, MRG's monetary and contractual commitments to Eventbrite are fully

guaranteed, and Eventbrite had no reasonable basis to claim that MRG would fail on its contractual obligations under the parties' agreement.

5. Based on its financial condition and its desire to avoid paying out funds during the pandemic, Eventbrite has breached its contractual obligations to provide advances to merchants like MRG that depend on such funds for its own operations. Indeed, Eventbrite filed its peremptory lawsuit against MRG based on the same contract and is attempting to deviate from its plain terms by reference to contradictory terms in a separate contract that the parties never signed, and which was purportedly incorporated by reference in a separate document that was itself purportedly incorporated by reference in the parties' contract. That purported agreement is not enforceable and cannot justify Eventbrite's actions in this dispute.

6. Based on Eventbrite's unjustifiable breaches, MRG is entitled to millions of dollars in damages plus attorneys' fees and costs.

**THE PARTIES**

7. Defendant and Counter-Plaintiff MRG Concert Ltd is a Canadian-based, privately held corporation with its principal place of business in Vancouver, British Columbia, Canada. MRG is a concert promotion company that produces and markets over 800 shows per year. It is Canada's largest independent concert promoter.

8. Plaintiff and Counter-Defendant Eventbrite, Inc., is a California corporation with offices located at 155 Fifth Street, San Francisco, California 94103. Eventbrite is an event promotion and ticketing company with offices around the world. It offers services to companies like MRG to help them plan, promote, and produce live events.

**JURISDICTION AND VENUE**

9. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between all parties and the amount at issue exceeds $75,000. This Court also has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1367(a) and Federal Rule of Civil Procedure 13(a) because the counterclaims asserted here are so related to Plaintiff's claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution and arise out of the

transaction or occurrence that is the subject matter of the opposing party's claim and do not require adding another party over whom the court cannot acquire jurisdiction.

10. Venue is proper in this jurisdiction because the underlying action was filed in this judicial district. Venue is also proper in this Court because the parties' contract at issue in this case provides for exclusive venue in San Francisco, California, and Eventbrite is located in San Francisco, California.

## FACTUAL ALLEGATIONS

11. Eventbrite and MRG executed the December 5, 2019 Eventbrite Services Agreement ("ESA") and the January 13, 2020 Amendment #1 to the ESA (collectively, the "Contract").

12. MRG entered into the Contract based, in part, on Eventbrite's representations regarding its abilities and standings as an industry leader in planning, promoting, and producing events and its ability to meet its monetary commitments to its contractual partners.

13. Under the Contract, Eventbrite agreed to make advance funds available to MRG within five business days of MRG's written request.[1]

14. The Contract also entitled MRG to further benefits, including a right to collect millions of dollars in Sponsorship Payments over a period of three years.

15. On March 23, 2020, MRG sent a written request for a fund advance (the "Advance Request"). Along with its Advance Request, MRG provided the information required under the Contract for the issuance of the advance.

16. Despite repeated demands from MRG's authorized representatives and MRG's full compliance with its contractual obligations to Eventbrite, Eventbrite rejected MRG's Advance Request and failed to provide the advance to MRG. Eventbrite had no basis under the Contract to deny MRG's Advance Request. As such, Eventbrite breached its obligation under the Contract.

---

[1] Because the Contract provides that its terms are confidential, MRG has not appended it to this pleading. MRG will submit the full Contract for the Court's consideration following entry of a suitable protective order. Eventbrite has indicated that it would be willing to do the same pursuant to a protective order.

ANSWER TO COMPLAINT AND COUNTERCLAIMS

17. Unbeknownst to MRG, when MRG made the Advance Request on March 23, 2020, Eventbrite had already "suspended its advance payouts program on March 11, 2020" as a result of COVID-19's effects on Eventbrite's business.[2] Upon information and belief, this global policy change enacted by Eventbrite applied to MRG's right to advance payouts without any consideration of MRG's circumstances.

18. Eventbrite attempted to excuse its denial of the Advance Request based on the COVID-19 pandemic's purported effects on MRG.

19. As MRG explained to Eventbrite, however, MRG remained operational and healthy despite COVID-19. Most of its shows, scheduled for Canadian venues, remain scheduled and were merely postponed. MRG intends to honor tickets sold either on their original or rescheduled dates or as otherwise agreed with its customers.

20. As Eventbrite's own website on the pandemic acknowledges, event organizers have numerous options to satisfy their obligations to customers, including by postponing events, converting events into online experiences, or implementing appropriate safety measures for controlled public gatherings.

21. MRG's obligations to Eventbrite are also fully secured through a guarantee.

22. In contrast, the COVID-19 global pandemic has had a significant impact on Eventbrite and its ability to meet its contractual obligations.

23. Eventbrite said in a March statement posted on its website that the company was withdrawing its business outlook for the first quarter and the full year of 2020 "as a result of the growing impact of COVID-19 on global live events."[3]

24. Eventbrite stated in a filing with the Securities and Exchange Commission ("SEC") that "during the three months ended June 30, 2020, [Eventbrite's] net revenue decreased by 64.5%

---

[2] https://www.sec.gov/Archives/edgar/data/1475115/000119312520214076/d21346d424b3.htm#tx21346_11 ("In March 2020, in light of the COVID-19 pandemic, we temporarily stopped making advance payouts to creators, which has led to creator claims against us and has put us at a competitive disadvantage to other ticketing providers that continue to make advance payouts to event creators on their platforms.").

[3] https://investor.eventbrite.com/press-releases/press-releases-details/2020/Eventbrite-Withdraws-2020-Business-Outlook-Due-to-Impact-of-COVID-19/default.aspx

and [its] paid ticket volume decreased by 49.7% compared to the same period in 2019. There is significant uncertainty regarding the extent and duration of the impact that the COVID-19 pandemic will have on [Eventbrite's] business. [Eventbrite] expect[s its] net revenue trends to experience a meaningful deterioration from those achieved in fiscal 2019 and to experience a material adverse impact on [its] fiscal 2020 results."[4]

25. Eventbrite's share price has plummeted more than 50% since February 2020.

26. On April 8, 2020, the struggling company's "Board of Directors approved a global workforce reduction," resulting in the layoff of 500 employees, making up 45% of Eventbrite's workforce.[5] An employee reportedly stated that 90% of Eventbrite's sales team has been laid off. The layoffs were expected to reduce Eventbrite's annual expenses by at least $100 million.[6]

27. The COVID-19 pandemic continues to ravage the world and the United States and California in particular. The total number of cases to date in California recently surpassed 500,000. The United States has suffered nearly 5,000,000 confirmed cases of COVID-19 and over 150,000 deaths. In contrast, the total number of cases to date in British Columbia is about 3,700 and the total number of cases in all of Canada is around 115,000.

28. Eventbrite's online ticketing business is built almost exclusively around live events. The United States is one of Eventbrite's primary markets. Eventbrite is therefore facing a grim financial reality, with the likely prospect of having little revenue for the summer months, and potentially the rest of the year and beyond while the pandemic rages on.

29. Eventbrite peremptorily filed its lawsuit against MRG based on the same Contract and its purported right to not make the required payments and to recover refunds and other amounts previously paid based, among other things, on a Merchant Agreement that was

---

[4] https://www.sec.gov/Archives/edgar/data/1475115/000119312520214076/d21346d424b3.htm#tx21346_9

[5] https://www.sec.gov/Archives/edgar/data/1475115/000119312520214076/d21346d424b3.htm#tx21346_11

[6] https://www.sec.gov/Archives/edgar/data/1475115/000119312520214076/d21346d424b3.htm#tx21346_11

purportedly incorporated by reference in a separate document called Eventbrite's Terms of Service, which was itself purportedly incorporated by reference in the Contract.

30. The Contract provides that the Contract's language controls over that of the Terms of Service in the event of a conflict. The terms of the Merchant Agreement relied upon by Eventbrite to deny payments to MRG and seek refunds and other amounts conflict with the language of the Contract, and is otherwise unenforceable.

31. The Contract provides that in the event of a dispute, the prevailing party is entitled to recover all reasonable attorneys' fees and costs associated therewith.

## COUNTERCLAIMS AGAINST EVENTBRITE, INC.

### FIRST COUNTERCLAIM

**Breach of Contract**

**Cal. Common Law, Cal. Civ. Code § 3300**

**(Against Eventbrite, Inc.)**

32. MRG realleges and incorporates by reference the allegations of paragraphs 1 to 31, above.

33. As described above, Eventbrite and MRG entered into the Contract.

34. MRG fully performed its obligations under the Contract.

35. Eventbrite breached its material obligations under the Contract by, among other things, failing to provide a fund advance to MRG as required under the Contract.

36. The failure to provide a fund advance to MRG was not justified under the Contract and was instead based on Eventbrite's general policy change without consideration of MRG's circumstances.

37. Based on Eventbrite's breach, MRG has been denied the benefits of the parties' agreement, including millions of dollars in advances and payments that Eventbrite is obligated to pay MRG.

38. As a result of Eventbrite's breaches, MRG has suffered millions of dollars in damages.

## SECOND COUNTERCLAIM

### Breach of Implied Covenant of Good Faith and Fair Dealing

### Cal. Common Law

### (Against Eventbrite, Inc.)

39. MRG realleges and incorporates by reference the allegations of paragraphs 1 to 38, as set forth above.

40. California law implies in every contract a covenant of good faith and fair dealing.

41. As described above, Eventbrite and MRG entered into the Contract.

42. MRG fully performed its obligations under the Contract.

43. Eventbrite unfairly interfered with MRG's right to receive the benefits of the Contract by, among other things, failing to provide payments to MRG as contemplated by the Contract.

44. Eventbrite's conduct violates the Contract's implied covenant of good faith and fair dealing.

45. MRG was harmed by Eventbrite's breach of the implied covenant of good faith and fair dealing.

## THIRD COUNTERCLAIM

### Unfair Competition

### Cal. Common Law and Cal. Bus. & Prof. Code § 17200 *et seq.*

### (Against Eventbrite, Inc.)

46. MRG realleges and incorporates by reference the allegations of paragraphs 1 to 45, as set forth above.

47. The conduct of Eventbrite as alleged herein constitutes unlawful, unfair, and/or fraudulent business practices and unfair competition with MRG in violation of California Common Law and the California Business and Professions Code Section 17200 *et seq*.

48. On information and belief, Eventbrite has been unjustly enriched as a direct and proximate result of their actions as alleged herein.

49.     MRG is entitled to restitution of any monies obtained by Eventbrite as a result of its unlawful, unfair, and/or fraudulent business acts and practices.

## FOURTH COUNTERCLAIM

### (Declaratory Relief)

50.     MRG realleges and incorporates by reference the allegations of paragraphs 1 to 49, as set forth above.

51.     An actual controversy exists relating to the legal rights of the parties under the Contract.

52.     Eventbrite has asserted, among other things, that it has no liability to MRG and that MRG and its guarantor are obligated to provide Eventbrite with a significant amount of money under the Contract.

53.     Eventbrite's assertions are incorrect.  To the contrary, Eventbrite is obligated under the Contract to make millions of dollars in payments and advances to MRG, and is in breach of the agreement based on its continued refusal to make such payments.

54.     Eventbrite claims that the Contract incorporates by reference Eventbrite's Standard Terms and Conditions and Eventbrite's Terms of Service, and that those documents further incorporate by reference additional documents, including Eventbrite's Merchant Agreement (the "Additional Agreements").

55.     MRG is entitled to a judicial declaration that the terms of the Additional Agreements that Eventbrite is seeking to apply are unenforceable because, among other things, they conflict with the Contract's terms and provisions and are procedurally and substantively unconscionable.

56.     MRG is entitled to a judicial declaration that Eventbrite breached the Contract, that Eventbrite is liable to MRG for its conduct, that MRG is entitled to damages and monetary relief, including attorneys' fees, and that MRG has no further obligations or liability to Eventbrite under the Contract or any other reason.

**PRAYER FOR RELIEF**

THEREFORE, MRG prays for judgment on its counterclaims as follows:

1. That Eventbrite takes nothing from its Complaint;

2. That judgment be entered in favor of Defendants on each of Eventbrite's causes of action;

3. For a judgment declaring that Eventbrite has breached the contract, that Eventbrite is liable to MRG for its conduct as described herein, and that Defendants have no further obligations or liability under the contract or any other reason;

4. For an award of actual damages, compensatory damages, and any other monetary relief as may be provided under the counts alleged herein, in an amount to be determined at trial, together with pre- and post-judgment interest and costs, in an amount according to proof;

5. For restitution for Eventbrite's unfair, unlawful, and/or fraudulent business practices and conduct;

6. That MRG be awarded its costs, disbursements, and reasonable attorney fees incurred in defending Eventbrite's complaint and pursuing its counterclaims against Eventbrite to the extent allowed by the Contract and applicable law;

7. For leave to amend the pleadings as justice may require to state other claims or to conform to proof as entered at trial; and

8. For such other and further relief as the Court deems just or equitable.

**DEMAND FOR JURY TRIAL**

MRG hereby demands a trial by jury as to all issues so triable in this action.

DATED: August 11, 2020                    DAVIS WRIGHT TREMAINE LLP

By: /s/ James H. Moon
    James H. Moon

*Attorneys for Defendant and Cross-Plaintiff MRG Concerts Ltd. and Defendant Matthew Gibbons*