UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVENTBRITE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>M.R.G. CONCERTS LTD., et al.,<br><br>    Defendants. | Case No. 20-cv-04040-SI<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 29 |

Plaintiff/counterclaim-defendant Eventbrite, Inc. has filed a motion to dismiss the counterclaims and to strike the affirmative defenses of defendant/counterclaim-plaintiff M.R.G. Concerts Ltd. Dkt. No. 30. In support of its motion to dismiss, Eventbrite has filed an administrative motion to seal. Dkt. No. 29. Eventbrite seeks to seal Exhibits A and C to the declaration of Adam Cashman as well as portions of the motion to dismiss that reference those exhibits. A hearing on the motion to dismiss is set for November 13, 2020.

Having reviewed the papers filed, the Court **DENIES** the administrative motion to seal, without prejudice, for several reasons. First, the motion to seal fails to comply with the Civil Local Rules and with the undersigned's Standing Order. For instance, the unredacted version of the motion on file does not "indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version[.]" *See* Civil L.R. 79-5(d)(1)(D). As another example, the proposed order fails to conform to the required format. *See* Judge Illston's Standing Order ¶ 8.

Second, Eventbrite has not shown that the material sought to be sealed is sealable. "A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law

(hereinafter referred to as 'sealable')." Civil L.R. 79-5(b). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A). The declaration filed in support of the motion to seal asserts that the materials are sealable because: (1) the parties agreed in writing that the information would be protected as confidential, (2) the parties separately advised the Court that the information should be treated as confidential and reviewed only under seal, and (3) according to Eventbrite, the information "is in any event confidential to Eventbrite. Public disclosure of this confidential information would create a risk of economic or other harm, for example, by enabling third parties, such as Eventbrite's competitors and/or existing and future clients and partners, to leverage such information and gain an unfair competitive, negotiating, or other advantage over Eventbrite." Dkt. No. 29-1, Tilley Decl. ¶ 2. None of these are legally sufficient reasons to seal a court document from public view. *See generally* Civil L.R. 79-5(b), (d); Judge Illston's Standing Order ¶ 8.

Third, the motion to seal is not "narrowly tailored to seek sealing only of sealable material." *See* Civil L.R. 79-5(b). Eventbrite seeks to seal Exhibits A and C in their entirety. Exhibit A is the services agreement between the parties, and Exhibit C is an addendum to the services agreement. In other words, in this contract dispute, Eventbrite seeks to seal the entirety of the contract at issue. Much of the text contains standard contract language, making it unclear to the Court what Eventbrite asserts is truly protectable.[1]

The Court will give Eventbrite one opportunity to renew its motion to seal. If Eventbrite wishes the Court to consider the redacted materials in conjunction with Eventbrite's motion to dismiss, Eventbrite shall file a renewed administrative motion to seal that complies in all respects with Civil Local Rule 79-5 and with the undersigned's Standing Order **no later than October 23, 2020.** If Eventbrite does not file a renewed motion to seal by that date, then Eventbrite shall file

---

[1] The exhibits do contain highlighting, but this highlighting seems irrelevant to the motion to seal, given that Eventbrite seeks to seal the exhibits in whole. If Eventbrite chooses to refile its motion to seal in a more narrowly tailored format, it will need to find a way to distinguish between the highlighting already contained in Exhibits A and C and the highlighting required by Civil Local Rule 79-5 to make it clear to the Court which portions of the unredacted documents Eventbrite proposes to seal.

unredacted versions of the motion to dismiss and Exhibits A and C on the public docket.

**IT IS SO ORDERED**.

Dated: October 16, 2020

_____
SUSAN ILLSTON
United States District Judge