UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVENTBRITE, INC., <br> Plaintiff, <br> v. <br> M.R.G. CONCERTS LTD., et al., <br> Defendants. | Case No. 20-cv-04040-SI <br><br> **ORDER RE DISCOVERY DISPUTES 1 AND 2** <br><br> Re: Dkt. Nos. 59, 60, 61 |

For the reasons set forth below, the Court requires further action from both parties regarding the parties' joint discovery dispute letters.[1] Dkt. No. 59, 61. Further, defendant's motion to seal is **GRANTED**. Dkt. No. 60.

## BACKGROUND

Defendant MRG is a Canadian-based, concert promotion company that produces and markets over eight hundred shows a year. Dkt. No. 1 at 2 ¶ 2, 3 (Complaint); Dkt. No. 22 at 12 ¶ 7 (Answer and Counterclaims).[2] Plaintiff Eventbrite is a global leader in event promotion, ticketing, and associated technology. Dkt. No. 1 at 2 ¶ 1 (Complaint).

---

[1] Eventbrite, Inc. is the plaintiff/counterclaim-defendant, and M.R.G. Concerts Ltd. and its guarantor Matthew Gibbons are the defendant/counterclaim-plaintiff. The Court will refer to the parties as "Eventbrite" and "MRG," respectively.

[2] For ease of reference, page numbers refer to the ECF branded number in the upper right corner of the page.

Eventbrite and MRG entered into a contract ("the Contract") prior to the COVID-19 pandemic. Dkt. No. 1 at 3, ¶ 10 (Complaint). Amongst other terms, the Contract states Eventbrite may provide MRG with certain advance funds, and Eventbrite may withhold these funds if "it determines—in its sole discretion and without notice to MRG—that such withholding is necessary" because MRG experienced a material adverse change ("MAC") in position. Dkt. No. 1 at 4 ¶ 13 (Complaint); Dkt. No. 59 at 1 (Joint Discovery Dispute Letter No. 1).

When the COVID-19 pandemic hit in March 2020, Eventbrite declined to make additional advance payments to MRG based on MRG's alleged MAC. *Id.* at 4 ¶ 14, 15 (Complaint). In response, MRG terminated the Contract on April 21, 2020 prior to the Contract's December 5, 2021 termination date. *Id.* at 5 ¶ 16, 17.

The Contract allowed for an early termination "*only if* MRG repays certain advance payments and other sums to Eventbrite as set forth in the Contract." *Id.* at 5, ¶ 16. MRG refused to pay these sums to Eventbrite, and Eventbrite filed the instant action claiming MRG breached the Contract and owes payment to Eventbrite. *Id.* at 5 ¶ 17.

However, MRG argues Eventbrite breached the Contract *first* by refusing (1) to make advance funds available to MRG upon request and (2) to make additional payments due to MRG pursuant to the Contract. Dkt. No. 22 (Answer and Counterclaim) at 13, ¶ 13-16; *id.* at 14, ¶ 19, 22. Specifically, MRG alleges its business "remained operational and healthy" despite the pandemic and by contrast, the pandemic "had a significant impact on Eventbrite and its ability to meet its contractual obligations." Dkt. No. 22 (Counterclaim) at 14, ¶ 19, 22. MRG alleges Eventbrite, not MRG, experienced a material adverse change and Eventbrite thus breached the contract first by not paying MRG its advance payments. Dkt. No. 61 at 1 (Joint Discovery Dispute Letter No. 2).

On June 17, 2021, the parties filed the first Joint Discovery Dispute Letter involving MRG's desire to compel further responses from plaintiff to certain of MRG's interrogatories and document requests. Dkt. No. 59 at 1 (Joint Discovery Dispute Letter No. 1). Also on June 17, 2021 in conjunction with the first Joint Discovery Dispute Letter, defendant filed an Administrative Motion to File Under Seal certain portions of plaintiff's interrogatory responses. Dkt. No. 60 at 1 (MRG's Administrative Motion to File Under Seal); Dkt. No. 64 (Accompanying Exhibits to Motion to Seal).

2

On June 18, 2021 the parties filed the second Joint Discovery Letter in which MRG seeks to claw back various documents. Dkt. No. 61 at 1 (Joint Discovery Dispute Letter No. 2).

**LEGAL STANDARD**

In general, parties may obtain discovery regarding any matter, not privileged, that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* An item need not be admissible in evidence to be discoverable. *Id.*

**DISCUSSION**

**I.    Joint Discovery Dispute Letter No. 1**

The first discovery dispute concerns defendant's desire to compel further responses to special interrogatories and requests for production of documents ("RFPD"). Dkt. No. 59 (Joint Discovery Dispute Letter No. 1). The parties have met and conferred in accordance with FRCP 37(a)(1). *Id.* at 2.

MRG argues Eventbrite defaulted on a myriad of contracts—not just with MRG but with many other partners as well—due to the pandemic by refusing to make agreed upon advanced payments. Dkt. No. 59 at 2. MRG argues this pattern of default shows Eventbrite breached the terms of the contract first. *Id.* To bolster this argument, MRG requested Eventbrite disclose information on how the pandemic impacted Eventbrite and other Eventbrite denials of advanced-payment requests from companies similar to MRG. Dkt. No. 59 at 2 (Joint Discovery Dispute Letter No. 1). In response, Eventbrite only produced contracts it "honored" during the pandemic, documents relating to MRG, and details on COVID's impact on MRG—all information bolstering Eventbrite's argument that MRG breached first and MRG suffered a MAC at the time Eventbrite

3

refused to make the advanced payment. *Id.* at 2. MRG argues it has offered to narrow its requests at meet and confer discussions, but Eventbrite declined to accept any of its propositions. *Id.* at 2-3.

Eventbrite argues MRG's interrogatories are irrelevant and extremely burdensome. *Id.* at 4-5. The requests largely pertain to third parties' dealings with Eventbrite, which Eventbrite argues have no bearing on its relationship with MRG, are not narrowly tailored, are unduly burdensome, and grossly overbroad. *Id.* at 4-5. For example, in MRG's RFPD numbers 16-19 and 22, MRG asks Eventbrite to identify and produce any and all documents "between Eventbrite and third parties related to" any request for an advance payment. Dkt. No. 59-2 at 23-26, 29 (Ex. B, Eventbrite's Supp. Responses to MRG's First Set of RFPDs); Dkt. No. 59 at 4-5 (Joint Discovery Dispute Letter No. 1). Further, in RFPD numbers 23, 28-29, 40-42, MRG requests Eventbrite provide "any and all non-privileged documents related to" various aspects of the COVID-19 pandemic. Dkt. No. 59-2 at 30, 34, 35, 44, 46 (Ex. B, Responses to RFPDs); Dkt. No. 59 at 5 (Joint Discovery Dispute Letter No. 1). Eventbrite argues the requests pertain to hundreds of thousands of actual or potential transactions, and the request regarding COVID-19 documents essentially asks for "***all of the Company's documents*** since early 2020," which is not "reasonable or proportionate to the needs of the case." Dkt. No. 59 at 4-5 (Joint Discovery Dispute Letter No. 1) (emphasis in original).

As the requested material pertains to MRG's counterclaim allegations, the Court finds MRG is entitled to investigate the requested information. However, MRG's requests as framed are overbroad. As such, the Court **ORDERS** the parties meet and confer in person or via zoom to narrow the requests. The parties shall submit narrowed language to the court **TEN DAYS** from the date of this Order.

**II.     Joint Discovery Dispute Letter No. 2**

The second discovery dispute concerns MRG's challenges to (1) Eventbrite's claw back of an allegedly privileged email and (2) Eventbrite's various privilege redactions on seven other emails. Dkt. No. 61 (Joint Discovery Dispute Letter No. 2).

Under federal common law, attorney-client privilege may be invoked as to a communication made between privileged persons in confidence for the purpose of obtaining or providing legal

4

assistance or advice for the client.  *See* Fed. R. Civ. P. 26(b)(5); *see* 6 Moore's Federal Practice – Civil § 26.49 (2021).

Here, MRG alleges plaintiff Eventbrite improperly redacted eight emails asserting privilege claims.  Dkt. No. 61 at 1 (Joint Discovery Dispute Letter No. 2).  Further, MRG argues these emails relate to the "central issue in this action regarding Eventbrite's purported justified denial of MRG's advance request," and so MRG should have access to the redacted portions since Eventbrite relies upon them for its merits arguments.  *Id.* at 2.

Eventbrite argues, through a document-by-document explanation, why each attorney-client privilege designation should stand.  Dkt. No. 61 at 3-5 (Joint Discovery Dispute Letter No. 2).  Eventbrite describes how it surgically redacted the privileged portions of the email chains and left much of the email correspondence unredacted and intact.  *Id.*

To resolve these privilege and waiver disputes, the Court **ORDERS** the plaintiffs submit the eight unredacted documents to the Court for *in camera* review.

## CONCLUSION

For the foregoing reasons, the Court requests the parties:

(1) **SUBMIT** narrowed language regarding MRG's interrogatory and RFP requests no later than **TEN DAYS** from the date of this Order for Discovery Dispute No. 1; and

(2) **SUBMIT** for the Court's in camera review the eight unredacted documents underlying the dispute in Discovery Dispute No. 2 **on or before Friday July 9, 2021**.

The Court also **GRANTS** MRG's motion to seal after finding compelling reasons exist.

**IT IS SO ORDERED**.

Dated: July 7, 2021

SUSAN ILLSTON
United States District Judge

5