UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVENTBRITE, INC., <br><br> Plaintiff, <br><br> v. <br><br> M.R.G. CONCERTS LTD., et al., <br><br> Defendants. | Case No. 20-cv-04040-SI <br><br> **ORDER RE DISCOVERY DISPUTE LETTER NO. 2** <br><br> Re: Dkt. No. 61 |

For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part defendant's challenge to privilege designations. Dkt. No. 61 (Joint Discovery Dispute Letter No. 2).[1]

**LEGAL STANDARD**

In general, parties may obtain discovery regarding any matter, not privileged, that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* An item need not be admissible in evidence to be discoverable. *Id.*

**DISCUSSION**

The instant discovery dispute concerns MRG's challenges to (1) Eventbrite's various privilege redactions on seven documents, and (2) Eventbrite's claw back of an allegedly privileged email. Dkt. No. 61 (Disc. Dispute Letter No. 2).

---

[1] For ease of reference, page numbers refer to the ECF branded number in the upper right corner of the page.

### A. Redacted Emails

Under federal common law, attorney-client privilege may be invoked as to a communication made between privileged persons in confidence for the purpose of obtaining or providing legal assistance or advice for the client. *See* Fed. R. Civ. P. 26(b)(5).

Here, MRG argues plaintiff Eventbrite improperly redacted seven emails asserting privilege claims. Dkt. No. 61 at 1 (Disc. Dispute Letter No. 2). Further, MRG argues these emails relate to the "central issue in this action regarding Eventbrite's purported justified denial of MRG's advance request," and thus MRG should have access to the redacted portions since Eventbrite relies upon them for its merits arguments. *Id.*

Eventbrite alleges through a document-by-document explanation why each attorney-client privilege designation should stand. *Id.* at 3-5. Eventbrite describes how it surgically redacted the privileged portions of the email chains and left much of the email correspondence unredacted and intact.[2] *Id.*

After conducting *in camera* review of all the documents, the Court DENIES defendant's challenge to privilege redactions of the following six privileged documents: EB003983, EB004002, EB004011, EB029299, EB029330, and the Andy Donner document. Each redaction in the aforementioned documents contains legal advice or legal assistance protected under the attorney-client privilege. Fed. R. Civ. P. 26(b)(1). Further, the Andy Donner document contains pertinent information enabling Eventbrite attorneys to provide legal advice, which falls under attorney-client privilege protection as well. *Upjohn Co. v. United States*, 449 U.S. 383 (1981) (holding communications from employees to Upjohn counsel are protected against compelled disclosure when used to enable attorneys to provide legal advice).

However, with respect to EB003979, the Court finds only the redacted line in the March 19, 2020 email sent by Ali McCloud at 9:31 am to be privileged. The other two redactions in the email sent by Julia Hartz on March 19 at 12:40 pm and the email sent by Andy Donner at 12:55 pm are

---

[2] For instance, in an email from Eventbrite's counsel to the CFO seeking legal advice, Eventbrite redacted a passage it identified as legal analysis but did not redact subsequent communication or follow-up messages not seeking or reflecting advice. *See* Dkt. No. 61 at 3-5 (Disc. Dispute Letter No. 2).

1  not privileged. Therefore, the Court GRANTS in part and DENIES in part defendant's challenge
2  of the privilege assertions in EB003979 and the document should be reproduced with the redactions
3  changed accordingly.

### B. Claw-Back Email

Claiming inadvertent disclosure and privilege, Eventbrite clawed back an email after MRG read the correspondence and asked Eventbrite deponents about the content at two depositions. Dkt. No. 61 at 1-2 (Disc. Dispute Letter No. 2). Eventbrite provided a redacted copy of the email in disclosures to MRG, but accidentally produced two unredacted versions to MRG as well. *Id.* at 5. MRG contends (1) the clawed-back email was not privileged, and (2) even if the email was privileged, Eventbrite waived its privilege by not objecting when the email was used in the initial deposition (Eventbrite objected in a subsequent deposition). *Id.* at 2.

Under federal common law, attorney-client privilege may be invoked as to a communication made between privileged persons in confidence for the purpose of obtaining or providing legal assistance or advice for the client. *See* Fed. R. Civ. P. 26(b)(5).

For privilege requirements, Eventbrite alleges the email did not expressly request legal advice but is nonetheless privileged because (1) the email is from Eventbrite's account management team to the legal team, (2) the email was sent to evaluate "legal implications" of MRG's demand for advance payment, and (3) the email's legal purpose is verified by employee testimony in a corresponding deposition. Dkt. No. 61 at 5 (Disc. Dispute Letter No. 2).

MRG argues (1) the email is not privileged because counsel was merely copied on the email, which is insufficient to invoke privilege, and (2) there was no legal advice stated or requested. *Id.* at 2.

After *in camera* review, the Court finds attorney-client privilege does not apply to the clawed-back email redactions and GRANTS defendant's challenge to privilege assertions. Although attorneys are copied on the email, the content of the email itself does not pertain to legal assistance or advice protected under the attorney-client privilege. Rather, the email restates agreements made in the Eventbrite and MRG contract and a note on MRG's temperament. Such

content is not protected by privilege, and an email is not privileged merely because an attorney is copied as a recipient. *See United States v. Chevron Texaco Corp.*, 241 F.Supp. 2d 1065, 1075 (N.D. Cal. 2002); *see Zelaya v. Unicco Service Co.*, 682 F.Supp. 2d 28, 39 (D.D.C. 2010); *see* 6 Moore's Federal Practice – Civil § 26.49 (2021).

## CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** defendant's challenge to the privilege assertions of six of the Eventbrite documents—EB003983, EB004002, EB004011, EB029299, EB029330, and the Andy Donner document.

(2) **GRANTS** defendant's challenge to the privilege assertion of Eventbrite's clawed-back email, EB024669, as all proposed redactions did not involve legal assistance, advice, or communication objectively reasonable to be confidential.

(3) **GRANTS** in part and **DENIES** in part defendant's challenge to the privilege assertions with respect to EB003979. Eventbrite must produce unredacted the (1) message sent from Julia Hartz on March 19th, 2020 and (2) the message sent from Andy Donner on March 19th, 2020. However, plaintiff may redact the March 19th, 2020 email sent at 9:31 AM by Ali McCloud.

Plaintiff must reproduce the documents in accordance with the Court's Order above **on or before Friday August 16th, 2021.**

**IT IS SO ORDERED**.

Dated: August 2, 2021

SUSAN ILLSTON
United States District Judge