United States District Court
Northern District of California

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          NORTHERN DISTRICT OF CALIFORNIA

8

9    EVENTBRITE, INC.,                          Case No. 20-cv-04040-SI

10              Plaintiff,

11        v.                                     **ORDER RE MRG'S MOTION IN
                                                 LIMINE NO. 2 AND SUPPLEMENTAL
                                                 BRIEFING**
12   M.R.G. CONCERTS LTD., et al.,
                                                 Re: Dkt. No. 121
13              Defendants.

14

15                                  **MIL NO. 2**

16        On January 4, 2022, the MRG defendants filed their Motion in Limine ("MIL) No. 2, seeking

17   to preclude plaintiff Eventbrite from "offering evidence, testimony, or argument at the upcoming

18   jury trial related to its proffered 'objective standard of reasonableness' in its purported decision to

19   deny MRG's advance request." Dkt. No. 121 at 2[1] (MRG's MIL No. 2).

20        During the pre-trial conference hearing, the Court stated it would "deny the motion without

21   prejudice to specific objections at trial," because the motion did not identify any evidence defendants

22   wished to exclude. Dkt. No. 170 at 36. The Court hereby ADOPTS its tentative decision with

23   respect to MIL No. 2: the motion is DENIED without prejudice to specific objections at trial.

24

25                              **SUPPLEMENTAL BRIEFING**

26        After lengthy argument on MIL No. 2, the parties distilled a related, but distinct, dispute

27   ───────────────

28   [1] For ease of reference, page number citations refer to the ECF branded number in the upper
     right corner of the page.

United States District Court
Northern District of California

1    regarding an issue the Court already considered during summary judgment: should the objective

2    reasonableness standard or the subjective good faith standard apply to Eventbrite's determination

3    that a material adverse change ("MAC") occurred?  In its December 28, 2021 order on summary

4    judgment, the Court stated:

5        Eventbrite argues the second test imposing an objective standard of reasonableness
         should be applied because the condition precedent "relates to matters of 'commercial
6        value or financial concern [] as distinct from matters of personal taste."  Dkt. No.
         106-4 at 9 (Reply) *citing Storek & Storek*, 100 Cal. App. 4th at 59-60.  However,
7        Eventbrite's reasoning fails to acknowledge how broad the contract language is and
         improperly narrows the meaning of *Storek*.  In *Storek*, the second test was found to
8        apply because the condition precedent was financial and, most significantly, easily
         measurable: was the construction project on budget?  And while it is true many of
9        the cases imposing the first test involve artistic matters, courts have also applied the
         first test in non-artistic commercial transactions.  *See Free Range Content, Inc. v.
10       Google Inc.*, No. 14-cv-02329-BLF, 2016 U.S. Dist. LEXIS 64365, at *45 (N.D. Cal.
         May 13, 2016) (District Court found the first test re: good faith applied where the
11       condition precedent to payment was "determined by Google in its **sole
         discretion**[.]").  The parties' contract does not define "material adverse change" –
12       meaning that phrase is entirely left up to Eventbrite's interpretation/judgment in its
         sole "reasonable discretion."  The Court therefore finds the first test applies.

13   MSJ Order at 11.

14       During the pre-trial conference, as well as in the supplemental briefing allowed by the Court,

15   Eventbrite resurrects its argument that the objective reasonableness standard should apply – not the

16   subjective good faith standard.  Dkt. No. 170 at 32- 52 (Transcript of April 4, 2022 Pre-Trial

17   Conference); Dkt. No. 168 (Supplemental Brief).  The Court disagrees.

18       First, caselaw supports applying the subjective good faith standard.  The parties agree the

19   seminal case discussing the objective reasonableness vs. subjective good faith standard is Storek &

20   Storek, which was discussed at length in the Court's MSJ Order.  MSJ Order at 10-. 11.  *Storek*

21   focuses on the *type* of satisfaction in the condition precedent and the limits, or lack thereof, placed

22   on the promisor.  In that case, the California appellate court made clear "when the promisor's

23   satisfaction deals with matters of fancy, taste, **or judgment, the promisor's judgment is purely

24   subjective**. The covenant of good faith is implied in order to **set a limit** on the promisor's ability to

25   express dissatisfaction and thereby supply adequate consideration to support the contract."  *Storek

26   & Storek, Inc. v. Citicorp Real Estate, Inc.,* 100 Cal. App. 4th 44, 61.  With respect to the type of

27   satisfaction at issue, subjective good faith should be applied when the satisfaction involves a

28

constellation of considerations. *See Storek & Storek, 100 Cal. App. 4th at 61 (*citing *Mattei v. Hopper,* 51 Cal. 2d 119, 123 (1958)[2]). As the Court discussed in its summary judgment order, the parties' agreement does not define a MAC whatsoever. Surely the factors and considerations determining whether or not a MAC has occurred are myriad, seemingly endless, and are left to Eventbrite's discretion. As such, the subjective standard of good faith applies.

Second, the Court already spent great care evaluating this issue during the summary judgment stage. The order on summary judgment was issued in late December 2021 – nearly four months ago. Plaintiff never moved for reconsideration of that order and is only now, for the first time, seeking to revisit the issue. Plaintiff's current arguments essentially amount to an untimely motion for reconsideration that the Court will not entertain.

As such, the subjective good faith standard will be applied.

**IT IS SO ORDERED**.

Dated: April 28, 2022

SUSAN ILLSTON
United States District Judge

---

[2] "[I]t would seem that the factors involved in determining whether a lease is satisfactory to the lessor are too numerous and varied to permit the application of a reasonable man standard …. Illustrative of some of the factors which would have to be considered in this case are the duration of the leases, their provisions for renewal options, if any, their covenants and restrictions, the amounts of the rentals, the financial responsibility of the lessees, and the character of the lessees' businesses. This multiplicity of factors which must be considered in evaluating a lease shows that this case more appropriately falls within the second line of authorities dealing with "satisfaction" clauses, being those involving fancy, taste, or judgment." *Mattei v. Hopper,* 51 Cal. 2d 119, 123 (1958).

United States District Court
Northern District of California