UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EVENTBRITE, INC.,

           Plaintiff,

     v.

M.R.G. CONCERTS LTD., et al.,

         Defendants.

Case No.  20-cv-04040-SI

**JURY INSTRUCTIONS**

United States District Court
Northern District of California

## DUTY OF JURY

Members of the jury:

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

The plaintiff in this case is Eventbrite, Inc.  The defendants are M.R.G. Concerts, Ltd. and Matthew Gibbons.  (Unless otherwise indicated, M.R.G. Concerts. Ltd and Matthew Gibbons will be referred to jointly as "MRG".)   Each party conducts business within the events industry, such as the promotion and production of music concerts.

This case centers on a contract between Eventbrite, on the one hand, and MRG and Mr. Gibbons, on the other hand.

Eventbrite asserts that MRG breached this contract by terminating it before its expiration date.  MRG asserts that Eventbrite repudiated its obligation to make a certain loan, called a "replenishing advance," to MRG, and then later failed to pay the replenishing advance.  Eventbrite claims it was not required to provide the replenishing advance because MRG had failed to satisfy a condition precedent necessary to its right to receive such funds.  Specifically, Eventbrite claims that the onset of the COVID-19 pandemic and associated consequences constituted a material adverse

change to MRG's operations and business.  Eventbrite asserts that MRG therefore was not authorized to terminate the contract prior to its expiration, and must pay money to Eventbrite in accordance with the contract's terms.  Eventbrite also claims that Mr. Gibbons failed to fulfil his obligations as a guarantor under the contract.

MRG and Mr. Gibbons deny those claims.  MRG also contends that Eventbrite breached the parties' contract by failing to fulfill its obligations under the contract, including to timely pay the replenishing advance.  Eventbrite denies MRG's claims.

Eventbrite asserts claims against MRG for breach of contract and breach of the implied covenant of good faith and fair dealing.  Eventbrite bears the burden of proving each of its claims by a preponderance of the evidence.  MRG denies liability to Eventbrite under any claim.

MRG has asserted counterclaims against Eventbrite for breach of contract and breach of the implied covenant of good faith and fair dealing.  MRG bears the burden of proving each of its counterclaims by a preponderance of the evidence.  Eventbrite denies that it is liable to MRG under any claim.

Mr. Gibbons has not asserted any counterclaims.


**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


**WHAT IS EVIDENCE**

The evidence you are to consider in deciding the facts consists of:

1.  The sworn testimony of any witnesses;

2.  The exhibits that are admitted into evidence;

3.  Any facts to which the parties have agreed; and

4.  Any facts that I may instruct you to accept as proved.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you may be instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.

4

Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

### **RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

### **CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness said, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case, if any;

5. The witness's bias or prejudice, if any;

6. Whether other evidence contradicted the witness's testimony;

7. The reasonableness of the witness's testimony in light of all the evidence; and

8. Any other factors that bear on believability.

United States District Court
Northern District of California

Sometimes a witness may have said something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## USE OF INTERROGATORIES

Certain evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence were shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**United States District Court**
**Northern District of California**

1

2    **CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

3    Certain charts and summaries were admitted into evidence to illustrate information brought

4    out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence

5    that supports them. You should, therefore, give them only such weight as you think the underlying

6    evidence deserves.

7    **REDACTED MATERIALS**

8    From time to time, the parties offered into evidence documents that have been partially

9    "redacted," which means that certain portions of the document have been blacked out. Redactions are

10   sometimes necessary for a variety of reasons, including that the redacted information is not relevant to

11   the issues in this trial, contains a communication between a lawyer and his or her client, or for other

12   reasons in accordance with Court rules and procedures. You may give the un-redacted information in

13   any document whatever weight you choose. You should not give any weight to the fact or existence of

14   a redaction in any document.

15

16   **RELEVANT TIME FRAME**

17   One issue you must decide in this case is whether Eventbrite determined in its reasonable

18   discretion that MRG experienced a material adverse change to its business or operations as a result

19   of the COVID-19 pandemic. The relevant time frame for this issue is limited to events and

20   circumstances occurring on or before April 21, 2020. That was the date on which MRG terminated

21   the parties' contract. While you may consider the implications or consequences that would

22   reasonably result from adverse events or circumstances occurring on or before April 21, 2020, you

23   may not consider evidence regarding events or circumstances that occurred after April 21, 2020.

24   However, you may consider evidence created after April 21, 2020 to the extent it relates to events

25   or circumstances occurring on or before April 21, 2020.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# **CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it [although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the

United States District Court
Northern District of California

witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## NO TRANSCRIPT AVAILABLE TO JURY

At the beginning of the trial, I urged you to pay close attention to the trial testimony as it was given. During deliberations you will not have a transcript of the trial testimony.

## TAKING NOTES

You may have taken notes to help you remember the evidence. If you did take notes, please keep them to yourself until you go to the jury room to decide the case. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**AGENT AND PRINCIPAL – DEFINITION**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.

**AGENT– SCOPE OF AUTHORITY DEFINED**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

**PRINCIPAL SUED BUT NOT AGENT – NO ISSUE AS TO AGENCY OR AUTHORITY**

Lanny Baker, Andy Donner, and Mitch Forster were the agents of Eventbrite and therefore, any acts or omissions of these individuals were the acts or omissions of Eventbrite.  Shea Dahl, Matt Gibbons, Luke Hudson, Jeff Brown, Shon Jones Parry, and Julia Rambeau-Smith were the agents of MRG, and therefore, any acts or omissions of these individuals were the acts and omissions of MRG.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BREACH OF CONTRACT – INTRODUCTION**

The parties agree that they entered into valid and binding contracts; specifically, the Services Agreement, dated December 5, 2019, which incorporated by reference Eventbrite's Standard Terms and Conditions and other specified contracts, and Amendment 1 to the Services Agreement, dated January 13, 2020.  I will refer collectively to these agreements as the parties' "Contract."

Eventbrite alleges that MRG breached its duties under the parties' Contract by improperly terminating the Services Agreement prematurely and by failing to pay or repay certain sums to Eventbrite that were due upon termination.  Eventbrite claims MRG's breach of this contract caused harm to Eventbrite for which MRG should pay. MRG denies breaching the parties' contract.

MRG alleges that Eventbrite breached the parties' Contract by anticipatorily refuting its obligations under the Contract to pay replenishing advances and failing to pay replenishing advances requested in March 2020.  MRG claims that Eventbrite's breach of this contract caused harm to MRG for which Eventbrite should pay.  Eventbrite denies that it committed any anticipatory breach, and denies it was required to advance such funds to MRG because of a condition precedent in the Contract that provided that no replenishing advance would be due if Eventbrite determined in its reasonable discretion that MRG had experienced a material adverse change to its business or operations as a result of the onset of the COVID-19 pandemic.  Eventbrite claims it made this determination, and therefore denies it breached the parties' contract.

**BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS**

To recover damages from MRG for breach of contract, Eventbrite must prove all of the following by a preponderance of the evidence:

1. That MRG and Eventbrite entered into a contract;

2. That Eventbrite did all, or substantially all, of the significant things that the contract required it to do; or that Eventbrite was excused from having to do all, or substantially all, of the significant things that the contract required it to do;

3. That MRG failed to do something that the contract required it to do;

4. That Eventbrite was harmed; and

5. That MRG's breach of contract was a substantial factor in causing Eventbrite's harm.

To recover damages from Eventbrite for breach of contract, MRG must prove all of the following by a preponderance of the evidence:

1. That MRG and Eventbrite entered into a contract;

2. That MRG did all, or substantially all, of the significant things that the contract required it to do; or that MRG was excused from having to do all, or substantially all, of the significant things that the contract required it to do;

3. All conditions precedent required by the contract for Eventbrite's performance occurred or were waived/excused;

4. That Eventbrite failed to do something that the contract required it to do;

5. That MRG was harmed; and

6. That Eventbrite's breach of contract was a substantial factor in causing MRG's harm.

When one party commits a material breach of the contract, the other party may be excused from its duty to perform under the contract. Whether a breach of an obligation is a material breach, as to excuse performance by the other party, is a question of fact for the jury to decide. A material breach of one aspect of a contract generally constitutes a material breach of the whole contract.

## **ANTICIPATORY BREACH**

A party can breach, or break, a contract before performance is required by clearly and positively indicating, by words or conduct, that the party will not or cannot meet the requirements of the contract.

Even where a party clearly and positively indicates by words or conduct that it will not or cannot perform a contractual obligation, that party's indication does not constitute an anticipatory breach if that party, by words or conduct, clearly and unequivocally retracts such indication before the time at which the party is to perform the relevant obligation.

United States District Court
Northern District of California

1    Here, MRG claims that Eventbrite committed an anticipatory breach of its obligation to

2    make a Replenishing Advance.  Eventbrite denies that it committed any anticipatory breach or

3    otherwise breached any obligation owed to MRG.

4    If MRG proves by a preponderance of the evidence that it would have been able to fulfill the

5    terms of the contract and that Eventbrite clearly and positively indicated, by words or conduct, that

6    Eventbrite would not or could not meet the contract requirements, then you may find Eventbrite

7    breached the contract.

8

9                    **<u>OCCURRENCE OF AGREED CONDITION PRECEDENT</u>**

10   A "condition precedent" is a condition that must be satisfied before a party becomes

11   obligated under the contract to perform a duty to which the condition applies.  If the "condition

12   precedent" is not satisfied, then the party is not obligated to perform the duty to which the condition

13   applies.

14   The parties agreed in their Contract that "Eventbrite will not be obligated to pay any Advance

15   unless … Organizer [MRG] has not experienced, in Eventbrite's reasonable discretion, a material

16   adverse change in the operations, business, assets or liabilities or the ability of [MRG] to perform

17   its obligations under" the Contract.

18   Eventbrite contends that this condition precedent did not occur and that it therefore did not

19   have to advance funds to MRG.

20   To overcome this contention, MRG must prove that Eventbrite did not determine in its

21   "reasonable discretion" that MRG had experienced a "material adverse change in the operations,

22   business, asserts or liabilities or the ability of [MRG] to perform its obligations under" the Contract

23   based on the onset of COVID-19 and associated consequences.

24   If Eventbrite proves by a preponderance of the evidence that Eventbrite found, in its

25   reasonable discretion, that MRG had experienced a material adverse change as of April 7, 2020,

26   then Eventbrite was not required to advance funds to MRG.

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REASONABLE DISCRETION**

The parties' contract required Eventbrite to exercise its "reasonable discretion" in determining whether MRG experienced a material adverse change to its "operations, business, assets or liabilities" or to its "ability [] to perform its obligations" under the parties' Agreement. Eventbrite's exercise of its reasonable discretion is subject to a standard of subjective good faith. This means that you must decide whether Eventbrite acted in good faith.  A lack of good faith suggests a moral quality including dishonesty, deceit, unfaithfulness to duty or similar qualities.

**INTERPRETATION – MEANING OF ORDINARY WORDS**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

**INTERPRETATION – CONSTRUCTION OF CONTRACT AS A WHOLE**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

United States District Court
Northern District of California

1   **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING--**

2   **ESSENTIAL FACTUAL ELEMENTS**

3    In every contract or agreement there is an implied promise of good faith and fair dealing.

4    This implied promise means that each party will not do anything to unfairly interfere with the right

5    of any other party to receive the benefits of the contract. Good faith means honesty of purpose

6    without any intention to mislead or to take unfair advantage of another. Generally speaking, it

7    means being faithful to one's duty or obligation. However, the implied promise of good faith and

8    fair dealing cannot create obligations that are inconsistent with the terms of the contract.

9    In this case, Eventbrite alleges, as an alternative to its claim for breach of contract against

10   MRG, that MRG breached the implied covenant of good faith and fair dealing. To establish this

11   claim, Eventbrite must prove all of the following by a preponderance of the evidence:

12   1. That Eventbrite and MRG entered into a contract;

13   2. That either (a) Eventbrite did all, or substantially all, of the significant things the Contract

14   required it to do, or (b) Eventbrite was excused from doing something the Contract might have

15   required Eventbrite to do;

16   3. That MRG nevertheless refused to pay or repay sums due to Eventbrite under the parties'

17   contract;

18   4. That by doing so, MRG did not act fairly and in good faith; and

19   5. That Eventbrite was harmed by MRG's conduct.

20

21   MRG alleges, as an alternative to its claim for breach of contract against Eventbrite, that

22   Eventbrite breached the implied covenant of good faith and fair dealing.

23   To establish this claim, MRG must prove all of the following by a preponderance of the

24   evidence:

25   1. That Eventbrite and MRG entered into a contract;

26   2. That MRG did all, or substantially all, of the significant things the Contract required it to

27   do or was waived/excused from doing so;

28

3. That all conditions required for Eventbrite's performance had occurred or MRG was excused from doing something the Contract might have required MRG to do;

4. That Eventbrite nevertheless refused to make a Replenishing Advance to MRG;

5. That by doing so, Eventbrite did not act fairly and in good faith; and

6. That MRG was harmed by Eventbrite's conduct.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Eventbrite on its claims for breach of contract or breach of implied covenant of good faith and fair dealing, you must determine Eventbrite's damages. Eventbrite has the burden of proving damages on its claims by a preponderance of the evidence.

Likewise, if you find for MRG on its claims for breach of contract or breach of implied covenant of good faith and fair dealing, you must determine MRG's damages.  MRG has the burden of proving damages on its claims by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate the aggrieved party for any injury you find was caused by the liable party.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## DETERMINING DAMAGES

In this action, Eventbrite has accused MRG of breaching contractual obligations owed to Eventbrite.  MRG accuses Eventbrite of breaching a contractual obligation owned to MRG.

If you decide that Eventbrite has proven its claim against MRG for breach of contract or of the implied covenant of good faith and fair dealing, or that MRG has proven its claim against Eventbrite for breach of contract or of the implied covenant of good faith and fair dealing, you also must decide how much money will reasonably compensate the prevailing party for the harm caused by the breach.  This compensation is called "damages."  The purpose of such damages is to put the non-breaching party in as good a position as it would have been if both parties had performed all obligations under the contract as promised.

If you determine MRG breached the contract, this requires you to determine the value of the benefit Eventbrite would have received if MRG had performed its obligations under the agreement. In this case, the contracts specify what sums are to be paid to Eventbrite in the event of MRG's breach.

1   If you determine that Eventbrite breached the contract, this requires you to determine the

2   value of the benefit that MRG would have received from Eventbrite if the contract been fully

3   performed, and then deduct from that amount the costs MRG would have incurred had it fully

4   performed under the agreement.

5   To recover damages for any harm, Eventbrite or MRG must prove that when the parties'

6   agreement was made, each party knew or could reasonably have foreseen that the harm was likely

7   to occur in the ordinary course of events as result of the breach of that contract.

8   Eventbrite or MRG also must present evidence proving the amount of its damages. It does

9   not have to prove the exact amount of damages. You must not speculate or guess in awarding

10   damages.

11   Eventbrite claims damages for (i) MRG's failure to repay the Prior Agreement Advance, (ii)

12   MRG's failure to repay the Sponsorship Payment paid by Eventbrite to MRG, (iii) MRG's failure

13   to make the True-Up Payment under the Services Agreement, and (iv) MRG's failure to reimburse

14   Eventbrite for refunds issued on MRG's behalf to purchasers of tickets to events that were cancelled,

15   postponed, or rescheduled by MRG.

16   MRG claims damages for the value of the unpaid Sponsorship Payments and amounts paid

17   for alternative ticketing services and amounts paid for alternative ticketing services.

18

19   **LIQUIDATED DAMAGES**

20   The parties to a contract may provide in advance for the amount of damages that are to be

21   paid in the event of a breach. These damages are known as "liquidated damages." A provision in a

22   contract liquidating the damages for the breach of the contract is valid unless the party seeking to

23   invalidate the provision establishes that the provision was unreasonable under the circumstances

24   existing at the time the contract was made.

25   **ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

26   The arguments of the attorneys are not evidence of damages. Your award must be based on

27   your reasoned judgment applied to the testimony of the witnesses and the other evidence that has

28   been admitted during trial.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

1.     Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

2.      Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## COMMUNICATIONS WITH COURT

If it becomes necessary during deliberations to communicate with me, you may send a note through the courtroom deputy, signed by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult the parties before answering it, which may take some time.

Remember that you are not to tell anyone—including me—how the jury stands or what any member of the jury is thinking, until after the trial is over and you have reached a unanimous verdict or have been discharged.

## **RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.