UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVENTBRITE, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>M.R.G. CONCERTS LTD., et al.,<br><br>  Defendants. | Case No. 20-cv-04040-SI<br><br>**ORDER RE: AMENDED FINAL JUDGMENT**<br><br>Re: Dkt. Nos. 248, 249 |

This case is back before the Court for entry of amended judgment, following an $11 million jury verdict in favor of Eventbrite; judgment in Eventbrite's favor entered June 10, 2022 (Dkt. No. 203); an amended final judgment entered November 14, 2022 (Dkt. No. 215); and MRG's appeal to the Ninth Circuit.[1]  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and **VACATES** the hearing set for April 5, 2024.

On appeal, MRG did not challenge roughly $4.7 million of the damage award but contended that the remaining $6.3 million was improper because such damages stemmed from the "True-Up Provision" to the parties' agreement.  Dkt. No. 239 at 2.  On December 26, 2023, the Ninth Circuit issued a memorandum agreeing with MRG "that, under the parties' agreement, the True-Up Provision does not apply to MRG's breach."  *Id.*  The Ninth Circuit accordingly vacated the judgment as to damages.  In its memorandum, the Ninth Circuit specified:

> The district court's decision denying remittitur is reversed, and the court is instructed to enter an amended final judgment reducing damages by $6,335,334.72

---

[1] The Court refers to Eventbrite, Inc. as "Eventbrite" and to defendants M.R.G. Concerts Ltd. and Matthew Gibbons collectively as "MRG."

and accompanying prejudgment interest on damages under the True-Up Provision.[1]
The parties shall bear their own costs. . . .

> [1] MRG has not requested, in its briefing or at oral argument, that our court resolve the issue of prejudgment interest, and so we leave it to the district court to calculate in the first instance.

*Id.* at 5. The mandate issued January 17, 2024. Dkt. No. 240.

This Court ordered the parties to meet and confer and to file a proposed joint amended judgment no later than February 16, 2024. Dkt. No. 241. The parties were unable to do so and instead filed a stipulation for a briefing schedule, which the Court approved. Dkt. Nos. 246, 247. The Court is now in receipt of Eventbrite's and MRG's briefs regarding the amended judgment, responsive briefs to the opposing parties' proposals, a statement of recent decision filed by Eventbrite, and MRG's response to Eventbrite's statement. Dkt. Nos. 248, 249, 250, 251, 252, 253. This matter is now ripe for review.

The Court hereby rules on the various components of the amended judgment as follows:

**A.     Damages**

Eventbrite shall be awarded damages in the amount of $4,664,665.28. This is comprised of $3,000,000.00 for the sponsorship payment; $1,568,842.28 in replenishing advances (a/k/a the "Prior Balance");[2] and $95,823.00 in refunds issued to customers. This is consistent with the Ninth Circuit's mandate and this amount is not in dispute.

**B.     Pre-Judgment Interest**

Eventbrite shall be awarded <u>pre-judgment interest on the Prior Balance</u> ($1,568,842.28) in the amount of $312,592.00 for the period up to November 14, 2022, using the contracted rate of 9% simple interest per annum. This is consistent with the Court's prior order, with the parties' post-trial briefing, and with what Eventbrite requests at this time. Dkt. No. 213 at 11, 15; Dkt. No. 249-2 ¶ 3.

---

[2] The parties and this Court have at times rounded this figure down to $1,568,842.

Eventbrite shall be awarded <u>pre-judgment interest on the remaining damages</u> ($3,095,823.00), using the contracted rate of 1% monthly interest, compounded monthly, beginning on June 18, 2020 (the filing of the complaint) through November 14, 2022 (the date of the amended judgment).

Eventbrite argues that the Court should award interest at the 1% rate for both the pre- and post-judgment periods or, alternatively, that the Court should extend the pre-judgment interest period on the remaining damages through entry of judgment following remand. Dkt. No. 249 at 2-4. It asks this because the contracted pre-judgment interest rate is higher than the statutory post-judgment rate under 28 U.S.C. § 1961. Eventbrite relies on *American Telephone and Telegraph Company v. United Computer Systems, Inc.* ("*AT&T*"), 98 F.3d 1206 (9th Cir. 1996), where the Ninth Circuit approved using the judgment after remand as the start date for post-judgement interest rather than the date of the original judgment.[3] The Ninth Circuit found it was error for the district court to apply post-judgment interest as of the date of the original judgment, for two reasons: (1) the judgment was vacated and thus unenforceable for several years during the appeal, and (2) the delay was occasioned by the actions of AT&T, who moved to vacate the award against it and ultimately lost on appeal. The equitable considerations of *AT&T* do not apply here, where this Court did not vacate the judgment and where MRG succeeded in obtaining a remittitur on appeal. Unlike in *AT&T*, where using the earlier judgment date would benefit the party who delayed the case by filing an unsuccessful appeal, here using the earlier judgment date would benefit MRG, who obtained the relief it sought on appeal. The Court declines to extend the pre-judgment interest period as Eventbrite requests.

### C. Post-Judgment Interest

Eventbrite shall be awarded <u>post-judgment interest on the sum</u> of the Prior Balance ($1,568,842.28) plus pre-judgment interest through November 14, 2022 ($312,592.00), which yields a new principal Prior Balance of $1,881,434.28, at the contractual rate of 9% simple interest

---

[3] As here, in *AT&T* the pre-judgment interest rate was higher than the post-judgment rate.

1    per annum. Eventbrite requests in its brief that the Court capitalize the Prior Balance pre-judgment
2    interest, and the Court agrees this is in the interests of equity and authorized by the law of this circuit.
3    *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995)
4    ("postjudgment interest under 28 U.S.C. § 1961 applies to the prejudgment interest component of a
5    monetary award"). The Prior Balance and accompanying pre-judgment interest have never been in
6    dispute, nor have the parties disputed that the contractual rate of 9% per annum applies to the post-
7    judgment interest on the Prior Balance, and this is consistent with what the Court previously
8    awarded. Dkt. No. 213 at 15.

9    Eventbrite shall be awarded <u>post-judgment interest on remaining damages</u> ($3,095,823.00)
10   at the statutory rate under 28 U.S.C. § 1961, from November 14, 2022. Previously, *at Eventbrite's*
11   *request*, the Court awarded post-judgment interest at the statutory rate under 28 U.S.C. § 1961. *See*
12   Dkt. No. 213 at 15. In its motion for fees, costs, and pre- and post-judgment interest, Eventbrite
13   repeatedly took the position that the statutory rate applied to post-judgment interest. *See* Dkt. No.
14   207 at 1, 14, 16. Now, Eventbrite argues that this rate "was not the focus of prior submissions
15   regarding post-judgment interest, which assumed that the federal rate would apply." Dkt. No. 249
16   at 3. Citing Federal Rule of Civil Procedure 60(a), Eventbrite urges the Court to apply what it says
17   was the parties' contractually agreed rate of 1% monthly for both pre- and post-judgment interest.
18   *Id.* at 2. The Court agrees with MRG that Rule 60(a), which allows the Court to "correct a clerical
19   mistake or a mistake arising from oversight or omission whenever one is found in a judgment" is
20   inapplicable here, and that Eventbrite has waived its ability to argue for a different post-judgment
21   rate by seeking the statutory rate in its motion for post-judgment interest, by not challenging the
22   Court's prior order awarding this rate (at Eventbrite's request), and by failing to raise this issue on
23   appeal. The Court will not revisit the matter at this late juncture. Post-judgment interest will run
24   from the date of the (pre-appeal) amended judgment issued November 14, 2022, for the reasons
25   stated in Section (B), above.

26
27   **D.    Attorneys' Fees and Costs**
28   The Court previously awarded Eventbrite $900,930 in attorneys' fees, and $114,051.69 in

litigation costs. Dkt. No. 213 at 15. Eventbrite shall further be awarded post-judgment interest, at the statutory rate under 28 U.S.C. § 1961, on its award of attorneys' fees and costs, from the date of the amended judgment on November 14, 2022. MRG does not address this request in its briefs. Nor did MRG appeal this portion of the amended judgment. The Court agrees that post-judgment interest on the award of attorneys' fees and costs is proper. *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) (citing *Perkins v. Standard Oil Co.*, 487 F.2d 672, 675 (9th Cir. 1973)).

The Court declines at this time to award Eventbrite fees and costs associated with enforcement of the judgment. The parties allude to enforcement proceedings brought by Eventbrite in a Canadian forum, but the matter has not been fully briefed and the Court is without adequate information to determine whether a fee award would be appropriate. Eventbrite states it has incurred $33,569.28 in its enforcement efforts.

The Court declines to award Eventbrite fees and costs incurred on appeal. Eventbrite did not file a request for its fees on appeal before the Ninth Circuit. The Ninth Circuit has made clear that, unless the appeals court transfers a request for fees on appeal to the district court for consideration, "the district court [is] not authorized to rule on the request for appellate attorney's fees." *Cummings v. Connell*, 402 F.3d 936, 947-48 (9th Cir. 2005). In its responsive brief, Eventbrite appears to drop this request. *See* Dkt. No. 251.

The Court denies MRG's request for sanctions. *See* Dkt. No. 250 at 5.

The parties are ORDERED to meet and confer and to submit a joint Final Amended Judgment (Second), complete with applicable interest calculations, that conforms with this Order **no later than April 15, 2024.**

**IT IS SO ORDERED**.

Dated: March 29, 2024

SUSAN ILLSTON
United States District Judge

5